Mark E. Ferrario (NVSBN 1625)
Christopher R. Miltenberger (NVSBN 10153)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
ferrariom@gtlaw.com
miltenbergerc@gtlaw.com

Christopher Tayback (CA SBN 145532, *pro hac vice* forthcoming)
Marshall Searcy (CA SBN 169269, *pro hac vice* forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
christayback@quinnemanuel.com
marshallsearcy@quinnemanuel.com

*Attorneys for Plaintiff Angel Productions Worldwide, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANGEL PRODUCTIONS WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRSTAGE BY EFFEKT-TECHNICK, GMBH, a foreign company, <br><br> Defendants. | CASE NO.: 2:18-CV-02333-JCM-PAL <br><br> **UNOPPOSED MOTION TO EXTEND THE TIME FOR SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANT AIRSTAGE BY EFFEKT-TECHNICK, GMBH** <br><br> **[FIRST REQUEST]** |

Plaintiff ANGEL PRODUCTIONS WORLDWIDE, INC., a corporation organized under the laws of the State of Nevada (hereinafter "APWI" or "Plaintiff"), by and through its counsel of record, the law firms of Greenberg Traurig, LLP and Quinn Emanuel Urquhart & Sullivan, LLP, hereby files this Unopposed Motion to Extend the Time for Service of the Complaint and Summons upon Defendant AIRSTAGE BY EFFEKT-TECHNICK, GMBH, ("Airstage" or "Defendant"). This is the

first request for an extension of time for service made by Plaintiff with respect to this defendant. This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Russell Ortiz ("Ortiz Decl.") and the pleadings and papers on file herein and any and all hearings and oral arguments allowed by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff has located and commenced service upon Defendant—a German corporation--pursuant to the applicable Hague Service Convention procedures as those procedures have been adopted and modified by Germany. However, the Hague procedures that have been adopted by Germany are extremely time-consuming: Germany has rejected service of process from a foreign authority upon its citizens through postal channels. Rather, under the Hague Service Convention, as adopted by German law, documents to be served must be translated into German and served through a designated German Central Authority. While service under this procedure is scheduled to take three months, recently, the time for service through has been closer to approximately four to five months. Accordingly, Plaintiff requests an extension of time—until June 30, 2019--to complete service of Defendant pursuant to the German Hague Convention procedures. Defendant does not oppose this motion.

### II. STATEMENT OF RELEVANT FACTS

<u>Plaintiff's Complaint</u>. On December 7, 2018, Plaintiff—a corporation owned and operated by one of the most famous magicians in the world, Criss Angel–-filed an action seeking redress for Defendant's failure and refusal to deliver a small aircraft that was to be used in the magician's stage show. Defendant promised to produce the aircraft exclusively for Plaintiff, but has now apparently delivered the aircraft to a competing magician. Plaintiff's complaint asserts claims for breach of contract, violation of the covenant of good faith and fair dealing, fraud, and seeks damages, injunctive and declaratory relief, and specific performance. [Docket # 1].

LV 421282813v2

<u>Plaintiff's Unsuccessful Attempts at Informal Service</u>.  Seeking to promptly serve the lawsuit, on December 9, Plaintiff contacted an H. Stan Johnson of Cohen/Johnson, a known attorney for Defendant, asking if he was authorized to accept service on of the Plaintiff's complaint.  *See* December 9, 2018 email, attached hereto as **Exhibit 1.**  Counsel Keven Johnson replied on December 13, 2018 that he would check, but that Plaintiff should assume counsel was not so authorized.  *See* December 13, 2018 email, attached hereto as **Exhibit 2.**

After the holiday period, Plaintiff's counsel inquired again, on January 4, whether counsel was authorized to accept service.  Later that day, Defendant's attorney stated that he was not authorized to accept service.  *See* January 4, 2019 email, attached hereto as **Exhibit 3.**

<u>Service Through Hague Convention Procedures</u>.  While waiting for a definitive response from Defendants' counsel, Plaintiff also engaged a licensed private investigations firm, First Legal Investigations ("First Legal"), to assist with service pursuant to the Hague Service Convention.  On December 20, 2018, First Legal translated the summons and complaint in this matter into German as required by German law.  After First Legal had the documents translated, they were delivered on January 10, 2019 by the United States Postal Service to the designated German Authority responsible for effecting service on Defendant in Germany.  *See* Ortiz Decl., attached hereto as **Exhibit 4**.  While the German authority states it generally takes about three months for service, in actuality it can take four to five months.  *See* Hague Convention Service Requirements, attached hereto as **Exhibit 5;** *See* Ortiz Decl. ¶ 4 ("Based on our 30 years' experience with serving [i]nternational defendants pursuant to [the] Hague Service Convention, [service of process] on average takes anywhere from 4-5 months in Germany.").  Due to the four to five-month processing time for service through the requisite German Authority, Plaintiff expects Defendant to be served sometime between now and the end of June 2019.

<u>Meet and Confer</u>.  On January 30, 2019, Counsel for Plaintiff informed counsel for Defendant that Plaintiff intended to move for an extension of time for service.  Counsel for Defendant replied that Defendant would not oppose the motion. See January 31, 2019 email, attached hereto as **Exhibit 6**.

### III. LEGAL ARGUMENT

**This Court Should Extend the Time for Service as Plaintiffs Have Demonstrated Good Cause for Being Unable to Effectuate Service to Date**

Fed.R.Civ.P. 4(m) provides that the Court may extend the period for service if the Plaintiff shows good cause for the failure to timely serve. If good cause is shown, a district court abuses its discretion if it fails to grant additional time for service. *DeTie v. Orange County*, 152 F.3d 1109, 1111-1112 (9th Cir. 1998). Moreover, even without a showing of good cause, courts have discretion to grant additional time to complete service. *Id*.

Here, Plaintiff respectfully submits that good cause exists to extend the period of time in which to serve Defendant and to complete service. Plaintiff has demonstrated due diligence in attempting to serve Defendant through the appropriate procedures. Defendant rejected Plaintiff's request to accept service through one of their attorneys. As a result, Plaintiff has had to comply with the formal Hague Service Convention procedures to properly serve Defendant. Defendant is located in Germany, which requires services through the German Central Authority and requires all documents be translated to German. *See* Hague Convention Service Requirements. Plaintiff has taken the necessary steps to comply with these service requirements, but the German Central Authority can take up to five months to complete service, so it is it is unlikely that any progress in serving Defendant will be made by the standard service period end date. Moreover, Defendant does not oppose the motion for extension.

As such, Plaintiff has demonstrated good cause as to why an extension of the service period is just and necessary. Plaintiff therefore respectfully requests that this Court grants an extension to the service period.

///

LV 421282813v2

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant Plaintiffs an extension until June 30, 2019 to serve Defendant.

DATED: February 8, 2019

/s/*Christopher R. Miltenberger*
Mark E. Ferrario (NVSBN 1625)
Christopher R. Miltenberger (NVSBN 10153)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

Christopher Tayback (CA SBN 145532)
Marshall Searcy (CA SBN 169269)
*Pro hac vice* forthcoming
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Plaintiff Angel Productions Worldwide, Inc.*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: February 13, 2019

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the February 8, 2019, a true and correct copy of the foregoing **UNOPPOSED MOTION TO EXTEND THE TIME FOR SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANT AIRSTAGE BY EFFEKT-TECHNICK, GMBH** was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Andrea Lee Rosehill
An employee of GREENBERG TAURIG, LLP

LV 421282813v2